IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **CHARLES MONTE ROYALL,** | * |
| Plaintiff, | * |
| v. | *   Case No.: 20-1005-PWG |
| **C&C MEAT SALES, INC.,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Charles M. Royall (proceeding *pro se*), filed this lawsuit against C&C Meat Sales Inc. ("C&C Meat Sales") alleging race and sex discrimination in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*[1] Compl. ¶¶ 2-4, ECF No. 7; Am. Compl. ¶ 8, ECF No. 20. Currently pending is Defendant's Motion to Dismiss, ECF No. 22. I have reviewed the filings[2] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Defendant's Motion is GRANTED in part and DENIED in part. I shall grant Defendant's motion as to the sex and race discrimination claims but will deny the motion as to the ADEA claim.

---

[1]   Additionally, Mr. Royall appears to attempt to state a claim against C&C Meat Sales for wage and hour violations by stating: "I want to be paid for being underpaid during the time I worked at C&C Meat Sales Inc." Am. Compl. ¶ 7 (emphasis omitted). However, in his Amended Complaint, Mr. Royall does not state the cause of action under which these claims arise or provide any additional information as to the facts underlying that claim. *Id.* Further, he did not include "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a)(2). As such, I have considered these allegations in the context of Mr. Royall's Title VII and ADEA claims.

[2]   This motion is fully briefed. *See* ECF Nos. 22, 24, and 25.

**BACKGROUND**

For purposes of considering a motion to dismiss, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcoac*, 658 F.3d 388, 390 (4th Cir. 2011). Additionally, the pleadings of *pro se* litigants are liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97,106 (1976)).

Mr. Royall, a 68-year-old African American, alleges that he was discriminated against by his former employer, C&C Meat Sales. Charge of Discrimination, ECF No, 20-11; Am. Compl. ¶ 8. Mr. Royall began employment with C&C Meat Sales as a Night Shift Shipping Clerk in May 2014 and continued in this capacity until his termination on June 26, 2018. Charge of Discrimination; Wash. Post Job Advertisement, ECF No. 20-18; Employee Warning Report, ECF No. 20-9. In his Amended Complaint, and supporting exhibits, Mr. Royall alleges that his supervisor, Allan Dicks, used racially and sexually motivated language in the workplace. Sworn Statement 2-3, ECF No. 20-9; EEOC Compl. 5-7, ECF No. 20-12. He alleges that Mr. Dicks was known in the office as a "Modern Day Uncle Tom"[3] and that "[t]he only White Man working on our shift stated . . . 'I have never in my life heard [that language] used so much.'" EEOC Compl. 6. Further, Mr. Royall alleges that Mr. Dicks told their co-workers "that he was going to terminate [Mr. Royall] and hire a young person to replace him." *Id.* at 3.

Mr. Royall also alleges that Mr. Dicks held employees to differing standards. For example, he alleges that Mr. Dicks would single out his mistakes by having meetings with him, *id.* at 5, whereas similar mistakes were overlooked for other employees. *Id.* Specifically, Mr. Royall submits exhibits that he claims reflect mistakes made by other employees that he was left to fix.

---

[3]     Mr. Dicks is African American, *see* footnote 7, *infra*.

2

*See* Pick List, ECF No. 20-14; Daily Routine Sheet, ECF No. 20-15; Pick List, ECF No. 20-16. Further, Mr. Royall alleges that Mr. Dicks violated C&C Meat Sales' policy by refusing to pay truck loaders for their full shift if they clocked in after their required time. *Id.* at 6.

During his time at C&C Meat Sales, Mr. Royall received annual wage increases and bonuses. *Id.* at 7. However, he was terminated on June 26, 2018, after an altercation with Mr. Dicks. Employee Warning Report. The altercation was sparked by Mr. Dicks' request for a doctor's note to excuse two of Mr. Royall's callouts. *Id.* The Employee Warning Report states that Mr. Royall then called Mr. Dicks a derogatory name, walked up to him "and placed his hands on [Mr. Dick's] chest." *Id.* The Employee Warning Report reflects that Mr. Royall was terminated for "[g]ross misconduct." *Id.* In his Amended Complaint and supporting documents, Mr. Royall alleges that "[n]ot a single word of [the Employee Warning Report] is true." EEOC Compl. 3. Mr. Royall asserts that he never placed his hands on Mr. Dicks' chest and never "threatened to do . . . bodily harm" to Mr. Dicks. *Id.* at 3-4. Rather, Mr. Royall alleges that the Employee Warning Report is "convenient because [he is] a Black American" and that during the altercation he simply "made one statement to Allan Dicks" while seated at his desk.[4] *Id.*

On April 5, 2019, Mr. Royall timely filed a Charge of Discrimination with the Maryland Commission on Civil Rights and the Equal Employment Opportunity Commission ("EEOC") alleging that he had been discriminated against on the basis of his race and age. Charge of Discrimination. On July 27, 2019, Mr. Royall received notice that the EEOC had dismissed his claim and an accompanying right to sue notice. Dismissal and Notice of Rights Form, ECF No. 20-6. On September 24, 2019, he filed an action against C&C Meat Sales in the Circuit Court for

---

[4] Mr. Royall asserts that he simply told Mr. Dicks that he did not need a doctor's excuse for the callouts because it was his understanding that the applicable Maryland State law allowed paid sick leave without the documentation. EEOC Compl. 3.

Prince George's County, which Defendant subsequently removed to this Court on April 20, 2020. Notice of Removal, ECF No. 1.

On April 23, 2020, in accordance with my Letter Order Regarding the Filing of Motions, ECF No. 6, C&C Meat Sales requested leave to file a Motion to Dismiss. ECF No. 11. After a telephonic conference, I granted Mr. Royall the opportunity to amend the Complaint, which resulted in the filing of an Amended Complaint on July 23, 2020, ECF No. 20. Mr. Royall's Amended Complaint includes three causes of action:

- Race Discrimination;
- Age Discrimination; and
- Sex Discrimination.

Am. Compl. ¶ 8. C&C Meat Sales subsequently filed a Motion to Dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 22. C&C Meat Sales asserts that Mr. Royall has failed to plead his race and age discrimination claims with the requisite specificity, and further alleges that his sex discrimination claim is barred for failure to exhaust administrative remedies. Mot. Mem. 5-9, ECF No. 22-1. While Mr. Royall does not appear to contest that his sex discrimination claim fails for lack of exhaustion, he asserts that the Amended Complaint states a claim for race and age discrimination. Pl.'s Resp. 2-5, ECF No. 24.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, Civil Action No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483

4

(4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Moreover, where the allegations in the complaint conflict with an attached written instrument, "the exhibit prevails." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991); *see Azimirad v. HSBC Mortg. Corp.*, No. DKC-10-2853, 2011 WL 1375970, at *2-3 (D. Md. Apr. 12, 2011). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Group, Inc.*, No. RDB-12-318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Turner v. Kight*, 192 F. Supp. 2d 391, 398 (D. Md. 2002). A federal court must liberally construe pleadings filed by self-represented litigants to allow them fully to develop potentially meritorious cases. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

### I. Title VII Claims

Mr. Royall's race and sex discrimination claims are raised pursuant to Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer to "discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). Before pursuing a Title VII suit in federal court, a plaintiff is required to "exhaust administrative remedies by filing a charge with the EEOC." *Snydor v. Fairfax Cnty*, 681 F.3d 591, 593 (4th Cir. 2012); 42 U.S.C. § 2000e-5(b), (f)(1).

A plaintiff may establish "liability under Title VII by employing two methods of proof (1) 'demonstrating through direct or circumstantial evidence that [their race or sex] was a motivating factor in the employer's adverse employment action' or (2) relying on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swaso v. Onslow Cnty Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (citing *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007)). To state a claim for race or sex discrimination under *McDonnell Douglas*, a plaintiff must allege "(1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated

employees outside the protected class." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (race discrimination); *Dortch v. Cellco P'ship* 770 F. App'x 643, 646-47 (4th Cir. 2019) (sex discrimination).

### A. Mr. Royall Failed to Exhaust His Administrative Remedies as to his Sex Discrimination Claim

C&C Meat Sales asserts that Mr. Royall's sex discrimination claim must be dismissed because he failed to exhaust his administrative remedies. Mot. Mem. 5-6. "Requiring exhaustion of administrative remedies serves twin objectives: protecting agency authority in the administrative process and 'promot[ing] efficiency' in the resolution of claims." *Steward v. Iancu*, 912 F.3d 693, 699 (4th Cir. 2019) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). To determine whether plaintiffs have exhausted their claims, courts "give credit for charges stated in [the] administrative charging document, as well as 'charges that would naturally have arisen from an investigation thereof.'" *Parker v. Reema Consulting Servs. Inc.*, 915 F.3d 297, 306 (4th Cir. 2019) (quoting *Dennis v. Cnty of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995)); *Bryant v. Bell Atl. Md. Inc.*, 288 F.3d 124, 132 (4th Cir. 2002) (noting that "[t]he EEOC charge defines the scope of the plaintiff's right to institute a civil suit."). Thus, "a plaintiff fails to exhaust [their] administrative remedies where . . . [their] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [their] formal lawsuit." *Snydor*, 681 F.3d at 593 (quoting *Chacko v. Patuxent Inst.*, 429 F.3d 505, 506 (4th Cir. 2005)).

Previous courts in this district have found that a plaintiff who alleges only racial discrimination in the administrative charge is barred, for failure to exhaust administrative remedies, from alleging sex discrimination in their subsequent complaint. In *Bryant v. Bell Atlantic Maryland, Inc.*, the court found that "[a]dministrative investigation of . . . sex discrimination . . .

could not reasonably be expected to occur in light of [plaintiff's] sole charge of race discrimination." 288 F.3d at 133. Therefore, "because the scope of [plaintiff's] complaint exceed[ed] the limits set by the allegations in [plaintiff's] administrative complaint" the court could not "analyze the merits of [plaintiff's] . . . sex discrimination claim[]." *Id.* Similarly, Mr. Royall's EEOC charge makes no mention of a sex discrimination cause of action. Mr. Royall's EEOC complaint states: "I believe I have been discriminated against due to my age (68) . . . and I believe I have been discriminated against due to my race . . . ." Charge of Discrimination.[5] Because administrative investigation of Mr. Royall's sex discrimination claim could not have been reasonably expected based on the contents of his charge, and because there is no evidence that any such investigation was actually conducted, the claim is dismissed for a failure to exhaust administrative remedies. Also, because Mr. Royall cannot cure this deficiency, the claim is dismissed with prejudice.

> **B.     Mr. Royall's Amended Complaint Fails to State A Race Discrimination Claim**

To survive a motion to dismiss, plaintiff "need not plead facts sufficient to establish a prima facia case" of discrimination under the *McDonnell Douglas* framework. *Woods v. City of Greensboro*, 855 F.3d 639, 647-48 (4th Cir. 2017). Rather, a plaintiff must plead facts sufficient "to support a plausible claim," thereby allowing the court to "draw the reasonable inference that the defendant is liable for the alleged misconduct."[6] *Id.* (quoting *Iqbal*, 556 U.S. at 678). In assessing the pleadings, "vague claims of differing treatment" will not suffice to support allegations that conduct was racially motivated. *Jackson v. Maryland*, 171 F. Supp. 2d 532, 541

---

[5]     The Charge of Discrimination includes a "Discrimination based on . . . sex" box that Mr. Royall failed to check. Charge of Discrimination.

[6]     Put another way, to state a claim for race discrimination, a plaintiff must allege facts making it plausible "that, but for race, [they] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, ---U.S.---, 140 S. Ct. 1009, 1019 (2020).

8

(D. Md. 2001). Further, in the absence of comparator evidence "to establish circumstances giving rise to an inference of unlawful discrimination," *Swaso,* 698 F. App'x at 748, there must be sufficient factual allegations of differing treatment to "nudg[e] [such] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The facts pleaded by Mr. Royall in his *pro se* complaint cannot be construed to plausibly state a claim of race discrimination. Liberally construing his allegations, Mr. Royall has alleged that his manager, Allan Dicks,[7] and another co-worker Jimmy Bookwaite, frequently used derogatory, racially motivated language, and spoke ill of successful African Americans in the workplace.[8] EEOC Compl. 4-6. Further, Mr. Royall claims that when he made mistakes on the job, he was subjected to meetings with Mr. Dicks, while mistakes by other C&C Meat Sales employees were overlooked. *Id.* at 5. Finally, Mr. Royall alleges that Mr. Dicks would disproportionately scrutinize the timecards of truck loaders, in violation of C&C Meat Sales' policy. EEOC Compl. 6.

Accepting all of these factual allegations as true, Mr. Royall fails to state a plausible claim that his termination, or any other adverse employment action, was the result of unlawful racial discrimination against him. Mr. Royall never alleges that any of the racist comments were directed at him or affected his ability to properly perform his job duties. Further, while some of the allegations may "demonstrate favoritism," *Dorsey v. Balt. Cnty. Pub. Sch.*, No. RDB-17-1717, 2018 WL 1505787, at *4 (D. Md. Mar. 27, 2018), the facts pleaded simply cannot be construed to plausibly state a claim that he was discriminated against on the basis of his race.[9] While Mr. Royall

---

[7] While far from dispositive, it is worth mentioning that Mr. Dicks is an African American. EEOC Complaint 4; Def's Reply 2, EFC No. 25.

[8] Mr. Royall alleges that an African American C&C Meat Sales employee stated: "If I continue to work for C&C Meat, I might kill this fool Jimmy." EEOC Compl. 4.

[9] Recently the Fourth Circuit, in *Bing v. Brivo Systems, LLC*, held that "the mere fact that a certain action is potentially consistent with discrimination does not alone support a reasonable inference that the action was motivated by bias." 959 F.3d 605, 618 (4th Cir. 2020) (citation omitted).


9

has pleaded that "none of the [other] workers" were subjected to meetings with Mr. Dicks, Mr. Royall does not provide the races of the other employees, nor does he detail what was said at the meetings, or put forth any basis to suggest that race was the motivating factor in the meetings being called. EEOC Compl. 5. Finally, while Mr. Royall alleges that "Allan Dicks would check every workers' timecard to make sure that they did not clock in 3 to 5 minutes after [the reporting time]," *id.* at 6, there is nothing to suggest that Mr. Dicks did this on account of race, and further, Mr. Royall has not alleged that Mr. Dicks applied this elevated standard to Mr. Royall's timecard.[10]

Mr. Royall's claims do not support reasonable inferences of race-based discrimination, but rather require "speculation" to "fill in the gaps" as to whether Mr. Dicks' actions were racially motivated. *McCleary-Evans v. Md. Dept. of Trans.*, 780 F.3d 582, 586 (4th Cir. 2015). I have construed Mr. Royall's pleadings liberally, but "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC,* 959 F.3d 605, 618 (4th Cir. 2020). Therefore, Mr. Royall's race discrimination claim is dismissed for a failure to allege facts allowing an inference that Mr. Dicks, and other C&C Meat Sales Employees, discriminated against Mr. Royall on the basis of his race.

## II.     Mr. Royall's Amended Complaint States A Claim for Age Discrimination

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). To succeed on an ADEA discrimination claim, a plaintiff ultimately "must prove, by a preponderance of the evidence . . ., that age was the 'but for' cause of the challenged employer decision." *Bodkin v. Town of Strasburg*, 386 F. App'x 411, 413 (4th Cir. 2010) (*quoting Gross v. FBL Fin. Servs., Inc.,*

---

[10]     In fact, Mr. Royall appears to allege this was only done to truck loaders on the night shift, not to night shipping clerks, like himself. EEOC Compl. 6.

557 U.S. 167, 180 (2009)). Similar to a Title VII claim, a plaintiff may prove an ADEA claim "in either of two ways: (1) through presentation of direct evidence of intentional discrimination; or (2) through the burden-shifting framework" established in *McDonnell Douglas. Angelmyer v. WCS Constr., LLC*, No. 18-02198-PWG, 2019 WL 3458951, at *3 (D. Md. July 31, 2019) (quoting *Fisher v. Winston-Salem Police Dep't*, 28 F. Supp. 3d 526, 529 (M.D.N.C. 2014)). At the motion to dismiss stage, a plaintiff in an employment discrimination suit need not commit to either the direct or indirect method of proving their claim. *Anglemyer, LLC*, 2019 WL 3458951, at *3. What is required, rather, is that the plaintiff "allege facts to satisfy the elements of [the] cause of action created by [the] statute" under which they seek relief. *McCleary-Evans*, 780 F.3d at 585, Here, the pertinent statutory elements are twofold: first, that the employer discharged the plaintiff, and second, that it did so "because of such individual's age." § 623(a)(1).

Importantly, here at the motion-to-dismiss stage, the plaintiff need only allege facts that, taken as true, permit a reasonable inference that age-based discrimination was the primary, decisive factor precipitating the adverse action. *Buchhagen v. ICF Int'l, Inc.*, 545 F. App'x 217, 200 (4th Cir. 2013). Two Fourth Circuit cases on this point are especially illustrative. First in *Ray v. Amelia County Sheriff's Office*, the Court of Appeals noted that the complaint was sufficient because it had alleged "several possible reasons for the termination of [plaintiff's] employment that were related to [plaintiff's] age"—for example, that the employer wanted "younger-looking employees" at the front desk, wanted to replace the woman with someone who "was less familiar with official policies and procedures," and disapproved of the woman's "desire to utilize her accrued annual leave benefits." 302 F. App'x 209, 211-12 (4th Cir. 2009) (per curiam). Further, the *Ray* court found that the complaint could proceed past the pleading stage despite the inclusion of "other ostensible reasons why [plaintiff's] employment was terminated." *Id.* at 212.

Additionally, in *Buchhagen v. ICF International, Inc.*, the Court of Appeals found that plaintiff's complaint was sufficient despite the complaint including some behavior that "could be construed as problematic or even insubordinate." 545 F. App'x 217, 220 (4th Cir. 2019) (per curiam). While characterizing the issue as a "close question," the Fourth Circuit concluded that the inclusion of these facts "do[es] not foreclose her claim to relief at this stage of the proceedings, where [the court] is obligated to accept [the employee's] factual allegations as true and draw reasonable inferences in her favor." *Id.* Taken together, *Ray* and *Buchhagen* make clear that courts reviewing motions to dismiss ADEA claims must determine whether, despite references to facts that conceivably might undermine the plaintiff's theory, the complaint alleges enough facts to permit a plausible inference that age discrimination prompted the employer's decision. *Anglemyer, LLC*, 2019 WL 3458951, at *4 (citing *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017)).

C&C Meat Sales argues that Mr. Royall's Amended Complaint fails to plead any evidence of direct discrimination or otherwise allege that he is a member of the protected class. Mot. Mem. 9. Further, C&C Meat Sales asserts that the Amended Complaint fails to allege that Mr. Royall's position was filled by a younger employee with comparable qualifications. *Id.* However, in my view, Mr. Royall has met his burden. In his Amended Complaint, Mr. Royall alleges that, "[t]he young man that Mr. Alan [sic] Dicks selected to replace me was immediately being paid more than I was being paid."[11] Am Compl. ¶ 7 (emphasis omitted). While the Amended Complaint does not itself allege that Mr. Royall is a member of the protected class, the accompanying documents identify that Mr. Royal was 68 years old when he filed his complaint with the EEOC in March 2019. EEOC Compl. 3, 11.

---

[11] The Amended Complaint further alleges that "the Plaintiff was paid far less than the young man that Mr. Alan [sic] Dicks, Night Manager, selected to replace the Plaintiff." Am. Compl. ¶ 8.

Further, the accompanying documents allege that, "[t]he [m]anager Allan Dicks told my co-workers 'that he was going to terminate me and hire a young person to replace me.'"[12] EEOC Compl. 3. Mr. Royall also alleges that "[a]lmost immediately after I started to work at C&C Meat Sales, Allan Dicks told me the following: 'I am going to call you Mr. Royall because you are old.'" *Id.* at 4. The documents further state that this nickname "stuck because several of my co-workers called me Mr. Royall during the four plus years I worked at C&C Meat." *Id.* Additionally, he alleges that one of his co-workers referred to him as "Old School." *Id.* Finally, Mr. Royal alleges that Mr. Dicks "had to create a reason to terminate [him]" because he was doing his job and receiving "annual increases and bonuses." *Id.* at 7 (emphasis omitted). Liberally construing these pleadings, and drawing all plausible inferences in Mr. Royall's favor, I find that he has sufficiently pleaded an ADEA claim.

I conclude, accordingly, that Mr. Royall has plausibly alleged that Defendant fired him because of his age. Mr. Royall has stated a claim for relief under the ADEA's anti-discrimination provision.

---

[12]   Defendants note that "[i]t is illogical that Defendant and this Court should be forced to independently review Plaintiff's Amended Complaint and twenty-three supporting exhibits to determine which facts, if any, support a claim for age discrimination when they are not directly plead." Def's Reply 2, ECF No. 25. However, when reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato*, 2013 WL 1308582, at *2. Defendant has not disputed the authenticity of the documents attached to the Amended Complaint. Therefore, I have considered the documents attached to Mr. Royall's Amended Complaint, as well as the Amended Complaint itself, in making my rulings.

**ORDER**

For the foregoing reasons, it is, this 19th day of March, 2021, hereby ORDERED that:

1. Defendant C&C Meat Sales' Motion to Dismiss, ECF No. 22, is GRANTED in part and DENIED in part;

    a. Plaintiff's Sex Discrimination Claim is DISMISSED WITH PREJUDICE;

    b. Plaintiff's Race Discrimination Claim is DISMISSED WITHOUT PREJUDICE;

2. Defendant shall file its Answer to the Amended Complaint, ECF No. 20, on or before April 9, 2021, after which the Court will enter a Scheduling Order and schedule a Federal Rule of Civil Procedure 16 conference with the parties to discuss further trial proceedings; and

3. The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Mr. Royall at his address of record.

_____/S/_____
Paul W. Grimm
United States District Judge